508  SMITH *v.* TENNYSON.  [219

---

CHARLOTTE SMITH *vs.* MARY A. TENNYSON & another.

Suffolk. October 9, 1914. — December 30, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Landlord and Tenant,* Eviction. *Practice, Civil,* Stipulation of parties, New trial. *Municipal Court of the City of Boston.*

If the lessee of a room in a business building leaves the key of the door of the room, which opens upon a corridor of the building, on the inside of the door and it is taken from the lock without his knowledge, whereupon he applies to his lessor for permission to have a new key made and this permission is refused, and if under a rule of the building no key can be made for the door without the consent of his lessor, and thereafter the lessee is unable to enter the room, these facts constitute as matter of law an eviction of the lessee, which will be a good defense to an action for rent for a period beginning after his exclusion from the room.

Where in an action for rent brought in the Municipal Court of the City of Boston, in which the defendants relied on an alleged eviction and the judge refused to rule that upon the facts stated in the defendants' offer of proof the plaintiff was not entitled to recover, and found for the plaintiff, and reported his ruling to the Appellate Division, who dismissed the report, and the defendants ap-

pealed, it was stipulated by the parties that "for the purpose of a hearing before the Appellate Division of said court or on any appeal from its decision . . . the allegations contained in the defendants' offer of proof are to be taken as true" and "that the rights of the parties shall be in no wise prejudiced as to issues of fact in any subsequent proceedings that may be had in said action," this was construed to mean that, if the question of law was decided in favor of the defendants, the plaintiff should have a right to contest the facts set forth in the offer of proof, and accordingly, although this court held that the defense of eviction was made out as matter of law on the facts stated in the offer of proof, it also was held that judgment should not be entered for the defendants but that the case should stand for trial on the defense of eviction as an issue of fact.

LORING, J.   At the trial in the Municipal Court of the City of Boston the defendant Tennyson made an offer of proof in support of the defense of eviction, which had been alleged by both defendants in their answer, and asked the Judge to rule that upon the facts stated in the offer of proof the plaintiff was not entitled to recover.   The judge refused to make the ruling and at the request of the defendant Tennyson reported his ruling to the Appellate Division.   Later it was stipulated that for the purpose of a hearing before the Appellate Division or on an appeal from their decision the "allegations" in the offer of proof were to be taken to be true.*   The Appellate Division dismissed the report and the case is here on appeal from that judgment.

The action was against Mary A. Tennyson and Emma P. Hughes to recover rent under a lease signed by them as partners "doing business under the firm name and style of Tennyson and Hughes."   The rent sued for was that due under the lease for the months of November, 1913, December, 1913, and January, 1914.   The lease was dated September 26, 1913, and the term was to begin on October 2, 1913.   The facts admitted to be true and relied on as an eviction were in substance as follows: The plaintiff was the tenant of two adjoining rooms in the Walker

---

* The whole of the stipulation, including the portions of it that are quoted later in the opinion, was as follows:   "For the purpose of a hearing before the Appellate Division of said court or on any appeal from its decision in the above-entitled action it is hereby stipulated that the allegations contained in the defendants' offer of proof are to be taken as true and that the trial judge in refusing the defendants' request considered all said allegations as having been proven.   And it is further stipulated that the rights of the parties shall be in no wise prejudiced as to issues of fact in any subsequent proceedings that may be had in said action."

building in the city of Boston. During the month of September, 1913, (and before the execution of the lease here in question) she had let the whole or a part of the room covered by the lease [being room numbered 428 in said building] to the defendant partners, and also had let "certain space in said room" to one Menowsky. Just what the relations between the several persons under this arrangement were is not clear; but it is clear that the arrangement was not satisfactory either to the defendant partners or to Menowsky. Apparently to end this situation the lease in question was executed by which the defendant partners became tenants of the whole of the room in question for a term beginning on the second day of October next ensuing. One or two days before the beginning of this term, the defendant Hughes left her key in the door which led from the leased premises into the corridor of the building, and on the inside of it. While it was there some one took it from the lock. Under these circumstances the defendant Hughes asked the plaintiff to agree to a new key being made for that door. It was a rule of the building that no key could be made for any door in the building except by the agent or the owners of the building and, in case a tenant sublet a portion of his premises, without the consent of the tenant. The plaintiff refused to consent to the making of a new key. The plaintiff at this time was told the rule of the building which has just been stated. Later (on or about October 15) the defendant Tennyson left her key in the door which led into the corridor and on the inside of that door and it was taken from the lock. Thereupon the defendant Tennyson asked for permission to have a new key made and this permission was refused by the plaintiff.

It is stated in the offer of proof that after October 1 the defendant Hughes never was present in the room or building. It is further stated that "twice since October 15, 1913, the defendant Tennyson has . . . asked permission" of the plaintiff to pass through the plaintiff's adjoining room into the room covered by the lease "for the purpose of removing property still in said room" and this permission the plaintiff refused. The offer of proof ends with these words: "Since October 1, 1913, the defendant Hughes has been unable to enter the room 428, and since October 15, 1913, the defendant Tennyson has been unable to enter said room."

Where a landlord has refused to give his consent to an act by the tenant or a third person without which the tenant cannot occupy the premises there is a constructive eviction within the doctrine of *Royce* v. *Guggenheim,* 106 Mass. 201, *Skally* v. *Shute,* 132 Mass. 367, *McCall* v. *New York Life Ins. Co.* 201 Mass. 223, *Nesson* v. *Adams,* 212 Mass. 429. For cases where that rule has been applied in similar instances, see *Grabenhorst* v. *Nicodemus,* 42 Md. 236; *American Tract Society* v. *Jones,* 134 N. Y. Supp. 611; *Bergman* v. *Papia,* 109 N. Y. Supp. 856; *Park* v. *Ensign,* 10 Kans. App. 173. There is nothing in *Riley* v. *Lally,* 172 Mass. 244, to the contrary. That case went on the ground that it was not clear what the facts were in that case. As Chief Justice Field said, the exceptions were "almost unintelligible."

The argument in behalf of the defendant in effect comes down to the proposition that under the offer of proof the question of eviction was a question of fact to be decided by the judge and that it could not be ruled as matter of law that the facts stated in the offer of proof did not constitute an eviction.

On consideration of the facts stated in the offer of proof we can see but two questions of fact which could have been left to a jury. The first fact not specifically stated in the offer of proof is that the plaintiff intended to prevent the defendants from occupying the leased premises. But the inability of the defendants to occupy the leased premises was the necessary result of what the plaintiff did. In our opinion it is going too far to say that under these circumstances there was a question of fact with respect to intent left to be found by the trial judge. The only other question of fact is in regard to the fact of abandonment by the defendants of the leased premises. While it is not stated in terms in the offer of proof that there was an abandonment by the defendants, yet it is stated that after the first of October the defendant Hughes, "never was present in said room or building" and that "since October 1, 1913, the defendant Hughes has been unable to enter the room 428, and since October 15, 1913, the defendant Tennyson has been unable to enter said room." To hold that there was a question of fact as to abandonment under an offer of proof which contains these statements would in our opinion be stretching technicality beyond the breaking point. And this is reinforced by the fact that after October 15 the defendant Ten-

nyson asked permission to go through the plaintiff's room not for the purpose of occupying the room let to her and her partner Hughes, but "for the purpose of removing property still in said room." There is a third question of fact on which the offer of proof is not as clear as it might have been, and that is that the two occasions after October 15 when the defendant was refused permission to go through the plaintiff's adjoining room "for the purpose of removing property still in said room" were before the beginning of the three months for which the plaintiff was seeking to recover the rent. But here again we think that it would be construing the offer of proof too narrowly to say that this was not before November 2, 1913.

In the stipulation as to the truth of the facts stated in the offer of proof "for the purpose of a hearing before the Appellate Division of said court or on any appeal from its decision" it was agreed "that the rights of the parties shall be in no wise prejudiced as to issues of facts in any subsequent proceedings that may be had in said action." We construe this to mean that the facts were agreed to for the purpose of raising the question of law, but that if the question of law was decided in favor of the defendants the plaintiff should have a right to contest the facts set forth in the offer of proof. Under these circumstances no judgment should be entered now in favor of the defendant, but the case must stand for trial.

The ruling which we have held to be wrong has to do with an affirmative defense based on facts which happened (if they did happen) after the joint agreement sued on was made. One only of the two defendants has insisted here upon that defense and the finding against that defendant alone is affected by this decision. Whether the other defendant is or is not in a position to pursue that defense is not before us. It is stated in the bill of exceptions that "the due execution of the lease and the non-payment of the rent claimed in the declaration were admitted by the defendant." The finding against the defendant Tennyson must be set aside and under the circumstances stated the case against that defendant should stand for trial on the defense of eviction.

*So ordered.*

*J. H. Morson,* for the defendant Mary A. Tennyson.

*H. A. Eyges,* for the plaintiff.