LENA GANS *vs.* L. OLCHIN AND COMPANY, INCORPORATED.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS AND JOHN RUFUS BOOTH, Js.

Argued January 15th—decided April 30th, 1929.

*Brien McMahon,* for the appellant (defendant).

*Robert R. Rosan,* for the appellee (plaintiff).

WHEELER, C. J.   We take up, first, the appeal from the granting of the motion to set aside the verdict. The complaint alleges that plaintiff and defendant entered into a lease of plaintiff's loft in Port Chester, New York, for the manufacture of dresses for two years from March 1st, 1925, at a rental of $55 a month for the first year and $60 a month for the second year, payable in advance on the first day of each month; that defendant continued in possession until on or about June 1st, 1926, at which time it abandoned the premises leased and has failed to pay the rent therefor since April 1st, 1926, and that, although plaintiff has since endeavored to relet these premises, she has been unable so to do.   The defendant denied the abandonment on June 1st, 1926, the failure to pay rent from April 1st, 1926, and that the plaintiff had endeavored to relet the premises and could not.   As a second defense defendant pleaded that it leased these premises in accordance with the terms stated in the complaint to be used and occupied for its business— the manufacturing of dresses—and occupied and paid rental therefor until April 1st, 1926; that the Department of Labor of the State of New York prior to this time twice notified it that it must cease permitting any person to work or remain in its factory until at least two legal means of exit from the leased premises had been provided under penalty of a fine and imprisonment under New York law; that defendant notified plaintiff of this order but she refused to allow it to make the exit required by the order and that

because of that refusal the premises became and were untenantable for the defendant for manufacturing purposes and defendant was obliged to remove its manufacturing plant and give up its business in these premises.

The defendant made the allegations of its second defense a part of its cross-complaint, and further alleged that the premises leased to it for $60 a month for the ten months of the second year were worth at least $110 a month, and that by reason of its eviction it lost $500.

The jury might reasonably have found proven all of the facts thus alleged in the second defense except that while both plaintiff and defendant alleged in their pleadings that the rent had been paid to April 1st, 1926, the jury could not upon the evidence have found otherwise than that it had been paid to May 1st, 1926, and the further fact that defendant continued in possession of the premises until some day in June, 1926, the specific day not appearing in the evidence. If the jury found, as they might reasonably have done, that the plaintiff refused to permit the defendant to comply with the order of the Department of Labor of New York, this refusal would have constituted a failure on the part of the plaintiff landlord to comply with her legal duty. This was, in law, a constructive eviction of the defendant tenant, effective from the time when the defendant abandoned possession of the premises, which would have been from the time when it began, and continued with reasonable diligence the removal of its manufacturing plant from the premises.

The governing rule is stated in *Smith* v. *Tennyson,* 219 Mass. 508, 511, 107 N. E. 423: "Where a landlord has refused to give his consent to an act by the tenant . . . without which the tenant cannot occupy

the premises there is a constructive eviction." See also *Grabenhorst* v. *Nicodemus,* 42 Md. 236; *American Tract Society* v. *Jones,* 134 N. Y. Supp. 611; *Bergman* v. *Papia,* 109 N. Y. Supp. 856, 857. The evidence discloses that the defendant continued to occupy the premises from the time of its constructive eviction up to some day in June. As the specific date in June when the defendant abandoned the premises does not appear in evidence, the actual eviction cannot be taken to have occurred earlier than on June 30th. If the jury found the eviction took place at this time, the defendant was entitled to recover as damages the difference between the rental value of the leased premises at the time of the eviction and the reserved rent for the unexpired period of the lease. The jury might reasonably have found the unexpired period was eight months, the rental value of the leased premises $110 per month and the reserved rent $60 a month, making this difference $400. From this should have been deducted the rental for May and June, which the defendant had not paid the plaintiff, which would make, upon this finding of the jury, the maximum recovery $280, with interest from July 1st, 1926.

The plaintiff has filed her bill of exceptions under General Statutes, § 5839, to different portions of the charge to the jury. One of these is: "If from the evidence presented you believe that Mr. Olchin went to Mrs. Gans and offered to make the improvements necessary to enable Mr. Olchin to carry on the business, and if Mrs. Gans unreasonably refused to let Mr. Olchin do this, then Mrs. Gans would have, in point of law, evicted Mr. Olchin and he would be entitled to damages, computed by the laws of the State of New York which allows an amount that the premises were worth to Mr. Olchin over and above what he would have to pay in rent."

The court was correct in its instruction that before the jury could find that the plaintiff had illegally evicted the defendant they must find that the defendant went to her and offered to make the improvements necessary to enable defendant to carry on its business and that she unreasonably refused to permit it to do this.

The court's further statement, that the measure of damages under the New York law was the difference between what the premises were worth to the defendant and the reserved rent, was incorrect. Twice subsequently the court instructed the jury correctly, in substance, that if they found an eviction, the measure of damages was the difference between the market value of the premises for the unexpired term of the lease and the reserved rent. The reading of the testimony, which the appeal from the granting of the motion to set aside the verdict has required, clearly shows that the appellant was only allowed to show as damages the difference between the rental value of the premises at the time of the eviction and the reserved rent, and that the trial court based its ruling in this particular upon the case which we cite above—*Bergman* v. *Papia,* 109 N. Y. Supp. 856, 857. Under these circumstances harmful error cannot be predicated upon the court's inadvertent and erroneous statement of the rule.

The seventh and eighth paragraphs of the bill of exceptions have been discussed in the appeal from the motion to set aside the verdict, while the first four paragraphs relate to findings of fact and not to the decisions in the course of the trial or in the charge, which are the only matters which are entitled to appear in a bill of exceptions.

There is error, the judgment is set aside and the

cause remanded with direction to enter judgment upon the verdict for $280, with interest from July 1st, 1926.

In this opinion the other judges concurred.