SAUL ET AL. *v.* McINTYRE

[No. 89, October Term, 1948.]

414

*Decided February 17, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Eldridge Hood Young,* with whom was *Benjamin L. Freeny* on the brief, for the appellant.

*Harry M. Sachs, Jr.,* and *Herbert L. Grymes,* with whom were *Louis P. Bolgiano* and *Sachs & Sachs* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Amelia McIntyre, a tenant of the first floor and basement of the premises 226 North Gay Street, brought suit in the Circuit Court No. 2 of Baltimore City for specific performance of a purported lease, or agreement to lease those premises, or for a decree requiring the appellants to execute, acknowledge and deliver such lease, which was filed as an exhibit. Upon the filing of a combined demurrer and answer, testimony was taken, and the chancellor overruled the demurrer and signed a decree that

the paper writing designated as a lease be specifically enforced and that the defendants be enjoined "from taking any action which would interfere with the tenancy of the said Amelia McIntyre under the terms of the said paper writing designated as a lease * * *, so long as she complies with the terms thereof." The defendants appeal from that decree.

The facts are virtually undisputed, and have been heretofore considered by this court in another connection. In May, 1944, the premises were owned by Charles F. Klein and wife and by them leased to William R. Curry in a document executed under seal by Klein and Curry but never acknowledged or recorded. Mrs. Klein was not mentioned in this lease and did not sign it at that time. Curry entered into possession and conducted a restaurant on the premises, with a beer and wine license, application for which was assented to by Klein, until April, 1945, when he sold the business and assigned the lease to the appellee. On January 22, 1947, Klein and wife conveyed the property 226 North Gay Street to the appellants. A contract of sale, reciting that the property was subject to the lease exhibited to the appellants, was signed by both Mr. and Mrs. Klein. Subsequently she signed the lease. Mrs. Klein was present when her husband signed the lease in 1944, and when he signed a consent to the assignment of the lease in 1945. The appellants were shown the lease at the time of settlement and secured a reduction in the purchase price because of an option therein to the tenant to renew the lease "for additional one year periods for a total of nine (9) years in addition to the original one year term of this lease." The lease further provided that it should "renew itself automatically from term to term for the said nine (9) option years unless the tenant shall give at least 30 days written notice, to the landlord, prior to the expiration of any term, of his intention not to exercise his option privilege * * *".

After the conveyance of the property to the appellants, they refused to consent to an application by Amelia

McIntyre for renewal of her beer and wine license. She brought suit in the Circuit Court of Baltimore City to require such consent. A decree directing them, as owners, to "execute with approval" such application was affirmed on appeal to this court. *Saul v. McIntyre,* 190 Md. 31, 33, 38, 57 A. 2d 272, 274. We held that "on November 20, 1946, one of the terms of the existing tenancy was that the premises might be used as a beer and wine restaurant, with the necessary license assents by the owners. Just when this became a term of the tenancy is for present purposes not material". We found it unnecessary to decide whether the lease was invalid at law, on account of the failure to acknowledge and record the lease, which under the renewal clauses might extend for a period of more than seven years, or whether if invalid at law, it was specifically enforceable in equity. We held that Amelia McIntyre was "at least a tenant from year to year", and that use of the premises as a beer and wine restaurant was a term of the tenancy, either by reason of an original understanding between the parties, or a collateral or subsequent understanding in July 1944, when the first assent to an application was signed by Klein.

It is not seriously disputed, and we find as a matter of law, that the purported lease is invalid at law, because not acknowledged or recorded, although it provides for automatic renewals over a ten year period. *Darling Shops Del. Corp. v. Baltimore Center Corp.,* 191 Md. 289, 60 A. 2d 669; *Hyatt v. Romero,* 190 Md. 500, 58 A. 2d 899; *Schultz v. Kaplan,* 189 Md. 402, 56 A. 2d 17, and cases there cited. But we have held that a lease invalid at law may be enforced in equity as a contract to lease, although in the absence of an exercise of that right, the tenancy will ordinarily be treated as one from year to year, by implication of law. *Darling Shops Del. Corp. v. Baltimore Center Corp., supra; Saul v. McIntyre, supra.*

The appellants contend, however, that specific performance should not be granted because the option in the lease is not clear and unambiguous, or fair and mutual. We

see no merit in this contention. "Specific performance may be decreed if the terms of the contract are so expressed that the court can determine with reasonable certainty what are the duties of the parties and the conditions under which performance is due". *Trotter v. Lewis,* 185 Md. 528, 535, 45 A. 2d 329, 333. See also *Thompson v. Thomas & Thompson Co.,* 132 Md. 483, 104 A. 49. An agreement to give an option to the other party, as a term of a lease, is not lacking in mutuality. *King v. Kaiser,* 126 Md. 213, 94 A. 780; *Spear v. Orendorf,* 26 Md. 37. We likewise find no merit in the contention that specific performance should not be granted because the lease was not originally executed by Mrs. Klein. The mere acceptance of benefits under a contract to which a wife is not a party will not ordinarily be sufficient to bind the wife. *Krauss v. Littman,* 189 Md. 394, 56 A. 2d 37. But in the instant case there is evidence to support a finding that she ratified the contract by signing a contract of sale, subject to the lease, and the lease itself. *Kvedera v. Mondravitzky,* 145 Md. 260, 125 A. 591; *Thompson v. Thomas & Thompson Co., supra; King v. Kaiser, supra.*

It was suggested in the argument, although the point was not mentioned in the briefs, that if the original lease should now be specifically enforced, as an agreement to lease upon the terms set out in that document, the effect will be to nullify our previous decision in *Saul v. McIntyre,* 190 Md. 31, 57 A. 2d 272, whereby the landlords were required to assent to the tenant's application for renewal of the beer and wine license. We assumed in the previous case that the written lease did not obligate Klein to assent to applications for the license, but found in the evidence a modification of the contract that made this a term of the actual tenancy, whether collateral or subsequent to the original lease. Under well established principles that finding is binding upon the parties as the law of the case, and it may be doubted whether the appellee could enforce the original agreement without reference to the modification. In any event, we think she has

not sought to do so. The bill of complaint alleges that the appellants "took ownership of the property subject to all outstanding equities and rights of your complainant as an occupant of the first floor and basement of the premises purchased by them, and especially her rights under the written lease and agreement of tenancy filed herein". We think the decree of the chancellor, although it refers only to the terms of the written instrument, must be taken to include the modification or integration of the original agreement established in the previous adjudication between these parties.

*Decree affirmed, with costs.*