WHALEN, ET AL. *v.* OWENS

[No. 389, September Term, 1967.]

*Decided November 7, 1968.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Joseph A. Lynott, Jr.* for appellants.

*Charles W. Foster,* with whom were *Meatyard, Carlin, Hollis & Foster* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Montgomery County sustaining Owens' demurrer to the bill of complaint filed by C. M. Whalen and Robert J. Whalen (Whalen) for specific performance of a contract. During argument of the case before us, counsel for the parties conceded that the order entered by the court below was intended to sustain the demurrer without leave to amend, and was therefore a final order from which an appeal would lie. Maryland Rules 373 d, 345 e.

The contract sought to be specifically enforced as set out in full below incorporates the changes and interlineations made prior to signing:

> "THIS AGREEMENT made this 18 day of April, 1966, by and between C. M. Whalen and Robert J. Whalen, hereafter collectively called Whalen and T. Calvin Owens hereafter called Owens,
>
> WHEREAS, Whalen and Owens entered into an agreement dated April 15, 1965 wherein Whalen agreed to purchase from Owens the stock of Owens in T. Calvin Owens, Inc., in the Brooks Construction Company, and
>
> WHEREAS, disputes have arisen under said contract concerning the balance due Owens on the said contract, Whalen's obligation to pay a certain promissory note owing to the Riggs National Bank, and Owens's obligation to indemnify T. Calvin Owens, Inc., from a judgment rendered in the United States District Court for the District of Columbia in favor of Charles W. White Associates, Inc., and
>
> WHEREAS, the parties have agreed to settle said disputes on the terms and conditions hereinafter mentioned,
>
> NOW THEREFORE, it is agreed—
>
> 1. Owens shall deliver to Whalen a negotiable promissory note in the amount of $50,000.00, payable three

years from date or sooner in the event of sale of the security and secured against the twenty-five (25%) interest of Owens in Glen Ridge Project, a real estate joint venture in Prince George's County, Maryland, or such other adequate security acceptable to Whalen.

2. Whalen shall release Owens from all obligations to pay the judgment in favor of White Associates, Inc., and indemnify and save harmless Owens from all obligations as surety under a certain payment and performance bond issued on the Mayfair Construction Project, Washington, D. C. In the event T. Calvin Owens, Inc., goes into default on said project, voluntarily or otherwise, Owens agrees to cooperate with Whalen with the surety and the owner, to have said contract assigned to or relet to a nominee of Whalen,

3. Owens shall assume sole responsibility for the payment of the promissory note owing to the Riggs National Bank and shall release Whalen from any obligation to pay said note,

4. Each of the parties do hereby release the other from any further obligation under said agreement including the payment of any sums to or from the other."

Whalen's bill of complaint, filed 27 April 1967, averred that the contract had been executed and that it had been performed by him, but not by Owens. The bill prayed:

"That the provisions of the contract * * * be specifically enforced and that the defendant [Owens] be ordered to deliver unto plaintiffs [Whalen] a promissory note in amount [of] Fifty Thousand ($50,000.00) Dollars to be secured against his interest in the Glen Ridge joint venture."

Owens demurred and assigned as his reasons that the contract lacked clarity, certainty and definiteness, and that there was an adequate remedy at law available to Whalen. The chancellor sustained the demurrer and this appeal followed.

As we see it, the demurrer should have been overruled. It follows that the order of the lower court sustaining the de-

murrer must be reversed and the case remanded in order that Owens may answer and that the case may be heard on its merits.

For purposes of a hearing on demurrer, the truth of the facts alleged in the bill of complaint is admitted. *Bio-Ramo Drug Co. v. Abrams,* 229 Md. 494, 499, 184 A. 2d 831 (1962). As a consequence, for the purposes of the hearing below, Owens must be regarded as having admitted: (i) that he was the owner of an interest in a real estate joint venture known as the Glen Ridge project; (ii) that the agreement was supported by consideration; (iii) that Whalen had fully performed his part of the agreement; and (iv) that Owens has failed to perform his obligations. In our view, these allegations adequately state a cause of action for the relief sought, which is not barred by Whalen's ability to obtain a money judgment at law. *Board of County Comm'rs v. MacPhail,* 214 Md. 192, 133 A. 2d 96 (1957).

There remains only the question, does the agreement have sufficient clarity and certainty to warrant the granting of specific performance, assuming that the facts alleged could be proved at trial? We do not share the chancellor's view that the phrasing of the agreement

> "* * * is so inarticulate as to defy interpretation; * * * is so ambiguous, in fact, that a narration of the ambiguities * * * would be superfluous."

The critical paragraph of the agreement provides:

> "Owens shall deliver to Whalen a negotiable promissory note in the amount of $50,000.00, payable three years from date or sooner in the event of sale of the security and secured against the twenty-five (25%) interest of Owens in Glen Ridge Project, a real estate joint venture in Prince George's County, Maryland, or such other adequate security acceptable to Whalen."

Maryland follows the rule of Restatement, *Contracts* (1932) § 370 at 673:

> "Specific enforcement will not be decreed unless the terms of the contract are so expressed that the court

can determine with reasonable certainty what is the duty of each party and the conditions under which performance is due."

*Compare Foard v. Snider,* 205 Md. 435, 109 A. 2d 101 (1954); *Saul v. McIntyre,* 192 Md. 413, 64 A. 2d 282 (1949) and *Trotter v. Lewis,* 185 Md. 528, 45 A. 2d 329 (1946) *with Beck v. Bernstein,* 198 Md. 244, 81 A. 2d 608 (1951).

Comment a which follows Restatement § 370 continues:

"a. Language is not so perfect an instrument that exact certainty in expression can always be attained; nor does the existence or the enforcement of a contract depend upon the attainment of such complete certainty. It is enough that the parties have agreed in their expressions and that these expressions have a reasonably clear and definite meaning. The approach to certainty is made in varying degrees; and to some extent the severity of the remedy that will be granted depends upon the degree of this approach."

Although the agreement could have been more artfully drawn, we find the intention of the parties to be reasonably clear. Owens was obligated to prepare, sign, and deliver to Whalen a non-interest bearing promissory note in the amount of $50,000 payable 18 April 1969, and the note was to be secured by Owens' 25% interest in Glen Ridge, or by any other security acceptable to Whalen. Owens argues that since it is not shown whether the security consisted of real or personal property, the contract is too uncertain and indefinite to be entitled to specific performance and bases his contention on *Sanderson v. Stockdale,* 11 Md. 563 (1857) and *Tarses v. Miller Fruit & Produce Co.,* 155 Md. 448, 142 A. 522 (1928). We do not find these cases persuasive. In *Sanderson,* the contract contained no description whatever of the property to be mortgaged. In *Tarses,* the property to be subjected to a second mortgage was not identified nor was any limitation placed on the amount of the purchase money mortgage. In the case before us, it is clear that a $50,000 note maturing on 18 April 1969 was to be secured by Owens' 25% interest in Glen Ridge.

Owens further contends that in order for the contract to be specifically enforceable, the agreement must set out the method to be used in securing the note, since the court will not write the contract for the parties and relies on *Smith v. Biddle,* 188 Md. 315, 52 A. 2d 473 (1947). Although we agree with Owens' statement of the law, we do not reach the result that he urges. In *Smith,* the contract was virtually silent with respect to the provisions of the mortgage. In the case before us, however, the conditions of the obligation are stated, and the nature of the property interest, whether it be real or personal, is a question of readily ascertainable fact, upon which appropriate relief can be predicated. This is contemplated by Restatement, *Contracts* § 370, comment d:

> "d. A contract is not too uncertain for specific enforcement merely because the defendant is given a choice of performing in any one of several ways, whether formally expressed as an alternative contract or otherwise. He may properly be ordered to make the choice and to perform in accordance therewith; if he refuses, it may be proper for the court to make the choice and to decree specific performance. Even though subsidiary terms have been left to be determined by future agreement, if performance has been begun by mutual consent justice may require specific enforcement, the court supplying the missing terms in such a way as to assure to the defendant all advantages that he reasonably expected."

An argument similar to Owens' was made in *Baker v. Dawson,* 216 Md. 478, 141 A. 2d 157 (1958) where the payment of a portion of the purchase price was to be secured by a first deed of trust on the premises, payable "on or before" 11 years from the date of settlement, with interest at 5% per annum, and with payments in reduction of principal in installments of "$2000 or more each year, plus interest."

In *Baker,* we held the undertaking sufficiently definite to be susceptible of specific performance. What Judge Brune, speaking for the Court, said in *Baker,* is apposite here:

"We should have no doubt that if the question presented was whether or not a deed of trust in some particular form was in conformity with the contract, it would be found to be so if it were in any form in general use in Montgomery County [where the land was situated and the sellers resided]. That, however, is not the precise question before us, and no actual form of deed of trust has been tendered by the purchaser or offered in evidence. Doubtless such a form could readily be procured, and the appellant [the purchaser] has expressed a willingness to execute any such form in use by the title company handling the settlement. The appellees [the sellers], however, have rejected any such offer and stand on their contention that the contract as drawn is too indefinite to be specifically enforced and say that there is no proof of any customary form. *A consequence of this position may be that they will wind up with a less desirable instrument than they could easily have had for their own protection. If they should find themselves in that position, it would seem that they would simply have to take what the contract calls for.*" (Emphasis supplied) 216 Md. at 494.

Whalen argues in his brief, apparently for the first time, that the parties contemplated a security arrangement under the Uniform Commercial Code, Maryland Code (1957, 1964 Replacement Volume) Art. 95B. Since this point would appear to have been neither made nor decided below, it need not be considered by us, Rule 885. In any event, not having been alleged in the bill of complaint, the contention was not properly before the lower court in a hearing on demurrer.

> *Order of court sustaining demurrer reversed; case remanded for entry of an order overruling demurrer and for trial on the merits; appellee to pay costs.*