WILLIAM M. MORAN, ET UX., *v.* ALBERT L. HAMMERSLA, ET UX.

[No. 109, October Term, 1946.]

*Decided April 23, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Joseph Loeffler* for the appellants.

*Charles G. Page,* with whom was *J. Calvin Carney* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This suit for specific performance was brought by Albert L. Hammersla and wife to compel William M. Moran and wife to convey to them the land improved by a building containing a store· room and two apartments at 4726 Frederick Avenue in the City of Baltimore.

The amended bill of complaint alleges that defendants, in a lease of the store room to Frank H. Drager and wife from October 16, 1939, to October 16, 1946, granted to the lessees, their personal representatives and assigns, the right to purchase the property at any time during the lease at the price "at which said property could then be sold to anyone else ·than said lessees, a ground rent of ninety dollars per year, capitalized at what it shall be then fairly worth, to be accepted by the sellers as part of said purchase price." The bill then alleges that in March, 1941, the lessees assigned the lease, including the option, to complainants; and in August, 1946, after Home Builders of ·America, Inc., had made a *bona fide* offer to purchase the property from defendants for the sum of $15,500, complainants exercised their option by agreeing to pay defendants $15,500 for the property in fee simple, or $13,863.64 if defendants should retain a ground rent of $90 per year capitalized at $1,636.36, or any other amount for which the property could be sold to any one else; but that defendants have nevertheless refused to convey the property to them. Defendants demurred to the amended bill, and they are appealing from an order overruling their demurrer.

It is a fundamental rule that a court of equity will not decree specific enforcement of any contract unless its terms are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions under which performance is due. *Gelston v. Sigmund*, 27 Md. 334, 343; *Texas Co. v. United States Asphalt Refining Co.*, 140 Md. 350, 117 A. 879; *Anshe Sephard Congregation v. Weisblatt*, 170 Md. 390, 185 A. 107; *Trotter v. Lewis*, 185 Md. 528, 45 A. 2d 329; *Smith v. Biddle*, 188 Md. 315, 52 A. 2d 473; 2 *Restatement, Contracts*, sec. 370. The terms of an option to purchase, like any other agreement, must be clear and definite, and the price of the property is an essential term. On this appeal it is unnecessary to consider the validity of the first provision of the option agreement that the lessees, their personal representatives and assigns, have the right to purchase the property at any time during the lease at the price "at which said property could then be sold to any one else than said lessees." For there have been positive decisions of this Court under which we must hold indefinite the second provision of the option agreement: "a ground rent of ninety dollars per year, capitalized at what it shall be then fairly worth, to be accepted by the sellers as part of said purchase price."

Ground rent leases, while not generally used in other States, have been used in Maryland since Colonial days, and their characteristics and legal incidents are well known in this State. In a ground rent lease the owner of the land leases it to the lessee for a certain period, with a covenant for renewal upon payment of a small renewal fine, upon the condition that a certain sum of money shall be paid, and that if the payment is in default for a stipulated time the lessor may re-enter and avoid the the lease. The estate of the lessee is considered as personal property, but in practical effect the relation of the lessee to the property is that of owner of the land and improvements thereon, subject to the payment of the annual rent and all taxes on the property. *Banks v.*

*Haskie,* 45 Md. 207; *Culbreth v. Smith,* 69 Md. 450, 16 A. 112, 1 L. R. A. 538; *Jones v. Magruder,* D. C., Md., 42 F. Supp. 193. Prior to 1884 the rents reserved by ground rent leases were not redeemable by the lessee unless expressly so stipulated in the original lease; but in that year and by later statutes the Legislature provided for the conditions upon which the lessee, in subsequently made ground rent leases, should have the right to redeem and thus become the owner of the property in fee simple. Code, 1939, Art. 21, secs. 110, 111, 115.

In the instant case the option to purchase is entirely silent as to the term for which the intended ground rent is to be made. As stated by Judge Bartol in 1866 in *Myers v. Forbes,* 24 Md. 598, 611, the term of a lease is an essential part of it, and in the absence of any stipulation in that respect a court of equity cannot decree specific performance of a contract. That decision was cited with approval by this Court in 1891 in *Thomson v. Gortner,* 73 Md. 474, 482, 21 A. 371, where Judge Miller stated that, in order to constitute a valid agreement, the parties must express themselves in such terms that the court can ascertain to a reasonable degree of certainty what they mean. If an agreement is so indefinite that it is impossible to gather from it the full intention of the parties, it is void, for the court cannot make an agreement for the parties. Finally, in 1911 the Court, speaking through Judge Pearce, definitely held in *Ward v. Newbold,* 115 Md. 689, 693, 81 A. 793, Ann. Cas. 1913A, 919; 164 *A. L. R.* 811, that the term "ground rent" does not imply that the rent is to be reserved under a lease for 99 years, renewable forever.

In view of these decisions, we must conclude that the option agreement in this case is unenforceable on account of indefiniteness. We must, therefore, reverse the order of the chancellor overruling the demurrer.

> *Order reversed and amended bill of complaint dismissed, with costs to appellants.*