## KALIS *v.* SHOR

[No. 26, October Term, 1949.]

*Decided November 11, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Edward A. Greenstein* and *N. Irvin Gressitt* for the appellant.

*Joseph Loeffler,* with whom was *Saul L. Joseph* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Samuel D. Kalis from a decree of the Circuit Court of Baltimore City, requiring the appellant, defendant below, to specifically perform a contract.

The plaintiff below, appellee here, advertised in her name and in the name of the auctioneer, leasehold property in Baltimore "together with the store and fixtures of Confectionery. Cigars, Tobacco, Soda Fountain, etc." Why a period rather than a comma appears after the word "Confectionery" is not explained. This was evidently an error in the advertisement. The advertisement stated "ground rent $68.00." At the time of the sale, October 14, 1948, the auctioneer announced that there was furniture in several of the rented rooms in the property and that "whatever furniture belonged to the owner would go along with the property, stock, and fixtures. There was no inventory of it, but what-

ever furniture—I think she told me it was very poor, and I announced it was very poor, but whatever there is here that belongs to the owner will become a part of the sale—will go with the property." The rented rooms were registered with the Office of Price Administration at that time. There was no announcement whether the ground rent was redeemable or irredeemable. There was no inventory or schedule of the cigars and tobacco. Everything sold was in sight on the premises, except the furniture in the rooms, which as hereinbefore set forth, the auctioneer stated was of very little value. All the fixtures and chattels were in the store and on the premises at the time of the sale.

The bidding at the sale was rather spirited, starting at $10,000. From 125 to 150 bids were made. The highest bid was finally made by the appellant at $16,125. He paid a deposit of $1,500 and signed a memorandum of sale prepared by the auctioneer. The auctioneer stated that the appellant arrived after the sale was under way "and when he began bidding on the property I think I went over the whole situation again from the very beginning. I made my announcements all over again. I told him about the rentals we were getting from the signs, and what the rentals were we could get from the rooms, and I went right over the same announcement I had made. He came up after the sale started. As I recall it, I might be wrong about that, but it seems to me he did, and I did that for his benefit." Immediately after the sale the store was closed.

On November 24, 1948, the attorney for the appellant wrote a letter to the appellee, stating among other things, that title examination showed that the property was subject to an annual ground rent of $68 which was irredeemable. In view of the fact that this was not announced at the sale and the title to the property was not good and marketable, he asked the return of the deposit of $1,500. On December 11, 1948, this attorney wrote another letter to the appellee demanding return of the $1,500 deposit "due to title to said property not

being good and merchantable, and not in accordance with the advertisement of the sale of the property."

On December 17, 1948, the appellee filed a bill of complaint alleging, among other things, that she was ready, willing and able to perform her part of the contract, but that the defendant had refused to carry out his obligations thereunder and had notified her that he had no intention of complying with the contract. She asked that the contract be specifically enforced. The appellant filed an answer basing his refusal to carry out the contract on the ground that he was not informed by the advertisement of the property, or in any other way at the time of the sale, that the ground rent of $68 was irredeemable. After a hearing before the chancellor, at which no evidence was offered by the appellant except three letters offered as exhibits, the chancellor signed a decree on March 11, 1949, ordering the appellant to specifically perform the contract. From that decree the appellant appeals.

The appellant alleges that the contract was not sufficiently clear, definite, complete, and certain, to form the basis for a decree of specific performance because there was no schedule or inventory of the confectionery, cigars, tobacco, and soda fountain, or furniture; because the advertisement refers to leasehold property subject to a "ground rent of $68.00," without stating whether it was redeemable or irredeemable and because it is irredeemable the alleged contract should not be specifically enforced.

Of course, a contract to be specifically enforced, as repeatedly stated by this Court, must be clear and free from all ambiguity. If uncertain or ambiguous it will not be specifically enforced. *Powell v. Moody,* 153 Md. 62, 137 A. 477; *Trotter v. Lewis,* 185 Md. 528, 45 A. 2d 329. The Statute of Frauds has been complied with. Fifteen hundred dollars was paid by the appellant. A copy of the advertisement is affixed to the memorandum of sale, signed by the appellant, containing the name of the owner and the auctioneer making the sale. *Scholtz*

*v. Philbin,* 157 Md. 196, 198, 145 A. 487; *Hensel v. Calder,* 135 Md. 487, 490-495, 109 A. 195.

As to the appellant's contentions that no schedule or inventory of the personal property was made a part of the contract of sale, the advertisement attached to the contract, as hereinbefore set out, in general terms specified the personal property to be sold. All of it was on exhibition on the property at the time of sale. As to there being no inventory of the "very poor" furniture, it was in the rented rooms at the time of sale. Appellant was not sufficiently interested to look at it before, at, or immediately after the auction. Appellant was never denied an opportunity to inspect the furniture. There is no evidence in the case that the appellee will not deliver all the personal property there exhibited, advertised, and sold. In the case of *Coale v. Harrington,* 7 Har. & J. 147, the bill of sale called for "all his personal estate of whatever kind or description." Objection was raised that the bill of sale was void for uncertainty. The Court said in that case, *7 Har. & J.* at page 154: "The bill of sale is of 'all the vendor's personal estate, of whatever kind or description.' Now, what uncertainty there is in this is not easily perceived." *United Railways & Electric Co. v. Henry Wehr,* 103 Md. 323, 63 A. 475. Likewise, here there is no evidence that the appellee will not deliver all the personal property sold at the sale. No contention was made in any of the letters written to the appellee about the indefiniteness of the personal property. According to the evidence before us the only objection raised by the appellant prior to suit was as to the ground rent being irredeemable.

Appellant relies strongly on the fact that because he was not informed that the ground rent was irredeemable before the contract was made, it should not be enforced. In the cases of *Moran v. Hammersla,* 188 Md. 378, 52 A. 2d 727, and *Barranco v. Kostens,* 189 Md. 94, 54 A. 2d 326, relied on by the appellant, the ground rents, held too indefinite to be enforced, were to be created, and were not already on the property as in the instant

case. It is, of course, well known in Maryland that in some cases ground rents are redeemable and in some cases irredeemable. The chancellor observed in his opinion "* * * In the absence of a statement at the sale or in the advertisement that the ground rent is redeemable, it must be treated as irredeemable. A proposed purchaser should assume the worst until he is advised by announcement at the sale to the contrary." A proposed purchaser certainly has no right to assume the best, that is, to assume that the ground rent was redeemable. He made no inquiry as to this feature of the ground rent either before, at, or immediately after the sale.

We are of the opinion that, according to the evidence before the court in this case, the contract is sufficiently clear, definite and complete, to require specific performance. Specific performance may be decreed if a contract is so expressed that the court can determine with reasonable certainty what are the duties of the parties and the conditions under which performance is due. *Saul v. McIntyre,* 192 Md. 413, 64 A. 2d 282.

*Decree affirmed with costs.*