COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

ESTATE of Ralph W. SIMMERS, Deceased, Mary E. Simmers, Executrix, and Mary E. Simmers (Surviving Wife), Respondents.

COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Ralph W. SIMMERS and Son, Incorporated, Respondent.

Nos. 7118, 7119.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 11, 1956.

Decided March 21, 1956.

As Corrected April 25, 1956.

Parker, Chief Judge, dissented.

vided the land into lots and built houses thereon and sold each house subject to the payment of a specified annual ground rent on the lot which was reserved in an agreement of lease. The issue is whether the landowner realized a taxable gain not only on the purchase price of the house at the time of the sale, but also a taxable gain on the reserved ground rent at the time of its creation measured by its fair market value. The Tax Court answered this question in the negative and the Commissioner appeals.

Ralph W. and Mary E. Simmers were engaged in the business of constructing and selling group houses in the city and suburbs of Baltimore during the tax years 1946 to 1949. Ralph W. Simmers and Son, Incorporated, acquired certain land and equipment from them and conducted the same sort of operations in the tax year 1950. The Commissioner asserted deficiencies in income and excess profit taxes against Mary E. Simmers and the estate of Ralph W. Simmers, deceased, in the aggregate sum of $153,014.93 for the years 1946 to 1949 and a like deficiency of $41,105.82 against the Simmers Corporation for the year 1950. The method of operations now to be described was the same in both cases.

Kenneth E. Levin, Atty., Dept. of Justice (H. Brian Holland, Asst. Atty. Gen., Lee A. Jackson and Hilbert P. Zarky, Attys., Dept. of Justice, on the brief), for petitioner.

Stanley Worth, Washington, D. C. (Edward S. Smith, Washington, D. C., Issac Hecht, Baltimore, Md., and Blair, Korner, Doyle & Worth, Washington, D. C., on the brief), for respondents.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

Each of these cases relates to the income tax of a landowner in Maryland who, under the practice in vogue in the City of Baltimore and its environs, di-

The taxpayer acquired unimproved land, divided it into lots and built a dwelling house on each lot. When the houses on a group of lots were completed the taxpayer first created ground rents on the lots by entering into an agreement of lease with a wholly owned or straw corporation, as lessee, covering the lots and improvements thereon for a term of ninety-nine years, renewable forever, at a specified rental on each lot. Subsequently, upon the sale of a house, the taxpayer caused the straw corporation to assign to the purchaser the lease on the premises sold. This course was followed because under the Maryland law the original lessee of the lot is liable for the payment of the ground rent during the entire term of the lease, but an assignee of the lessee is liable for the

rent only during the period of his tenancy.[1]

Typical of the course of operations were the following transactions of the Simmers Corporation. On December 11, 1950 it leased to the Que Holding Corporation, the straw man, twenty-four lots of ground to be held by the lessee, its successors and assigns, for the term of ninety-nine years, yielding and paying to the lessor, its successors and assigns, a fixed yearly rent on each lot over and above all deductions for taxes and assessments in such manner that each lot was liable only for its own rent. The lease provided that if a ground rent should be in arrears at any time the lessor might make distress therefor; and if the rent should be in arrears for sixty days, the lessor might reenter and hold the premises until the rent was paid; and if the rent should be in arrears for six months, the lessor might reenter and hold the premises the same as if the lease had never been made. The lessee covenanted for itself and its successors and assigns to pay the rent and the taxes; and the lessor for itself and its successors and assigns covenanted upon the performance by the lessee of its covenants to renew the lease at any time for another term of ninety-nine years upon the payment of one dollar.

The property was then ready for the market and when a house was sold the following steps were taken. An agreement of sale between the taxpayer and the purchaser was executed in which the property was described as a two story brick row dwelling, subject to a specified annual ground rent for ninety-nine years renewable forever and redeemable in five years; and the amounts of the purchase price and of the down payment were set out.

The owner then caused the straw corporation to execute and deliver a deed of assignment to the purchaser for the leasehold interest in the premises and on the day of settlement the purchaser simultaneously executed and delivered a mortgage of his leasehold interest to a third party for the balance of the purchase price.

It is stipulated that through such a series of transactions the purchaser becomes the owner of the leasehold and is entitled to hold the premises so long as he pays the ground rent, and that he is entitled to redeem the rent at the end of five years and acquire an absolute fee simple title to the land, but that he can never be compelled to redeem the rent. Meanwhile the builder retains the legal title to the lot and is known as the owner of the ground rent. In common parlance the purchaser owns the house and the builder the land. The interest of the latter is held to be realty and the interest of the former personalty under the Maryland decisions.[2]

Prior to 1884 ground rents were not redeemable in Maryland unless the lease expressly provided for redemption at a specified rate. By statutes passed by the Legislature of Maryland in 1884 and subsequent years ground rents were made redeemable[3], and in consequence all ground rents created by the taxpayers in these cases were redeemable after five years by paying to the owner of the rent the amount thereof capitalized at six per cent. When a ground rent is redeemed the owner conveys the land to the owner of the leasehold by a deed in fee simple whereby the ground rent is extinguished. None of the ground rents involved in these cases were redeemed during the tax years.

All of the ground rents created by the taxpayers in these cases were readily saleable for investment purposes; and some of them were sold and transferred during the tax years prior to the expiration of the five year period at prices

1. Hintze v. Thomas, 7 Md. 346; Consumer's Ice Co. v. Bixler, 84 Md. 437, 35 A. 1086.

2. Devecmon v. Devecmon, 43 Md. 335; Taylor v. Taylor, 47 Md. 295. Culbreth v. Smith, 69 Md. 450, 16 A. 112, 1 L.R.A. 538.

3. Ann.Code of Md., 1951 Ed., art. 21, §§ 111, 112, 116.

in excess of their redemption value. The transfer to the purchaser in such a case was accomplished by a deed which conveyed a fee simple title to the lot subject to the leasehold interest of the purchaser of the house. The profits on these sales, as well as on the sales of the houses, were reported by the taxpayers and reflected in the determinations of the Commissioner. Some of the ground rents, however, were not sold; but the Commissioner nevertheless contends that a profit was also earned on them at the time the lease to the straw corporation was made and should have been reported by the taxpayers. In the alternative the Commissioner contends that a profit on these rents was received when the houses were sold and the leases as to them were assigned to the purchasers by the straw corporation.

The contention of the Commissioner is that under a fair interpretation of §§ 111(a), 111(b) and 112(a) of the Internal Revenue Code of 1939, 26 U.S.C. §§ 111(a, b), 112(a) [4] the creation of a ground rent and the transfer of the improvements on the land to a purchaser, subject to the ground rent, is a disposition if not a sale of the whole property, and that the taxable gain therefrom is the excess of the amount realized over the basis of the property and that the amount realized is the cash received from the purchaser for the house plus the fair market value of the ground rent reserved by the taxpayer. It is asserted that the purchaser acquires not only the exclusive right to enjoy the property but also the option to obtain "the bare legal title" which the property owners retain, and that the property owners on their side receive not only the purchase price of the house but also the right to receive the ground rent which is readily saleable usually at a premium. Hence it is said that a profit is earned on the lot as well as on the house and must be accounted for. The gist of the argument is that in economic if not in legal effect the transaction is not a lease of the property but a sale of real estate subject to a mortgage.

Cited in support of the argument is the opinion of the Supreme Court of the United States in 1852 in Bosley v. Bosley's Executrix, 14 How. 390, 14 L.Ed. 468, in which it was held that a sale of land subject to a redeemable ground rent so altered the condition of the property as to amount to revocation of a devise of the land which the owner had previously made. In the course of the discussion Chief Justice Taney said that the interest which the testator had in the land at the time of making his will was converted into money by his contract with the purchaser, and that it was a sale of the land and an agreement to convey his whole interest in the land. He added in explanation that the form of the contract used by the parties had been found more convenient than the older form in which the vendor conveys the land and takes back a purchase money mortgage, because it enabled the purchaser to postpone the payment of a large part of the purchase money as long as he found it convenient, and at the same time allowed the vendor to

---

4. "§ 111. *Determination of amount of, and recognition of, gain or loss*

"(a) *Computation of gain or loss.* The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.

"(b) *Amount Realized.* The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.

"(c) *Recognition of Gain or Loss.* In the case of a sale or exchange, the extent to which the gain or loss determined under this section shall be recognized for the purposes of this chapter, shall be determined under the provisions of section 112. * * * "

"§ 112. *Recognition of gain or loss*—

"(a) *General rule.* Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.".

obtain the balance of the purchase money by selling the ground rent on the market, if he should choose to do so. Obviously the conversion of the interest of the vendor of the land into money, to which the Chief Justice referred, was not complete until the purchaser redeemed the ground rent or the vendor sold it to a third party.

The Commissioner also relies on decisions of the Court of Appeals of Maryland which hold that a leasehold estate subject to a ground rent so far partakes of the realty that title can only pass by a deed sufficient to convey real estate; Bratt v. Bratt's Adm'x, 21 Md. 578; and that a redeemable ground rent is a common form of borrowing money and has most of the essential features of a mortgage. Posner Bros. v. Bayless, 59 Md. 56, 60.

Judge Chesnut of the United States District Court for Maryland, who has made an exhaustive study of this field of Maryland law, also held in Jones v. Magruder, D.C.Md., 42 F.Supp. 193, 196, that a deed of the leasehold interest, although considered a transfer of personal property by the Maryland courts, requires a federal tax stamp as a conveyance of land within the meaning of § 725 of the Revenue Act of 1932, 47 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, page 635, 26 U.S.C.A. § 3482. He said in the course of his opinion that in practical economic effect the lessee is the owner of the property subject to the payment of the ground rent, and his economic relation to the owner of the ground rent is much like that of a mortgagor "paying interest on a debt where the principal never matures so long as the mortgagor pays the interest and taxes."[5]

Finally it is contended on this appeal that the ultimate position of the Commissioner is supported by long standing administrative construction of the statutes which by implication has been approved by Congress through repeated re-enactments. Treasury Regulations 111, § 29.23(b-1) promulgated under the Internal Revenue Code of 1939, provides that payments of Maryland or Pennsylvania ground rents are deductible as interest if the ground rents are redeemable.[6] This regulation, it is said, supports the view that a Maryland ground rent is substantially the same as a mortgage since the payment of the ground rent is tantamount to the payment of interest on a mortgage and therefore the sale of the leasehold should be recognized as a sale of the lessor's entire interest in the land subject to a lien for the unpaid part of the purchase price, and the total gain on the transaction should be regarded as realized.

While these observations give plausibility to the Commissioner's argument, it is obvious upon analysis that it cannot be sustained. The owner of the ground rent does not realize a profit upon it at the time of its creation because the transfer of the leasehold to a straw corporation is merely a paper transaction which sets up a framework for future operations but leaves the whole beneficial interest in the land in the lessor until a sale of the leasehold is made. Cf. Schoenheit v. Lucas, 4 Cir., 44 F.2d 476; McDonald v. Commissioner, 4 Cir., 52 F.2d 920. All parties to subsequent sales of the leasehold recognized that the corporation was merely a straw man because in every instance the vendor in the agreement of sale was the taxpayer and not the corporation.

---

5. See Chesnut on The Effect of Quia Emptores on Pennsylvania and Maryland Ground Rents, 91 U. of Pa.Law Review, 137; see also Lewis on the Taxation of Maryland Ground Rents, 3 Md.Law Review, 314; Kaufman on the Maryland Ground Rent, 5 Md.Law Review, 1; Mayer, Ground Rents in Maryland (1883).

6. Treasury Regulations 111, promulgated

under the Internal Revenue Code of 1939:

Sec. 29.23(b)-1. *Interest,* * * *

Payments of Maryland or Pennsylvania ground rents are deductible as interest if the ground rent is redeemable, but are treated as rent if the ground rent is irredeemable and in such case are deductible only to the extent they constitute a proper business expense.

■ Nor does the taxpayer receive a taxable gain upon the ground rent retained when the house is sold and the leasehold is assigned to the purchaser. It is true that the interest retained by the taxpayer is given reality and added value when the purchaser assumes the obligation to pay the rent; but mere enhancement in value does not involve a taxable gain. Such an increase in value occurs in every case in which a landowner erects a building on his holding and creates a property whose market value exceeds the cost of. the land plus the cost of the building. The excess is not taxable as gain until there is a sale or disposition of the property.

■■ The contention that the course of dealing above described amounts to a sale or disposition of the ground rent is based upon a misconception of this peculiar Maryland legal conveyance. It is asserted in the opposing argument that the owner of the land has completely parted with the fee simple title which he originally owned, when he makes a sale of the leasehold interest; and the Commissioner's brief describes the interest retained by the owner upon the creation and assignment of the lease as "the bare legal title". This is plainly incorrect. The decisions of the Court of Appeals of Maryland and of Judge Chesnut make it perfectly clear that the relationship between the owner of the ground rent and the owner of the leasehold is historically and actually that of lessor and lessee. The substantial reality of the interest retained by the lessor is shown by his right to receive the annual rent prior to redemption and to receive the capitalized value of the rent upon redemption. In Ogle v. Reynolds, 75 Md. 145, 23 A. 137, 138, the right of the ground rent owner is described as "the reversionary interest [in the land]"; and in the more recent case of Moran v. Hammersla, 188 Md. 378, at pages 381–382, 52 A.2d 727, 728, the nature of the two outstanding interests in the land are described as follows:

"Ground rent leases, while not generally used in other States, have been used in Maryland since Colonial days, and their characteristics and legal incidents are well known in this State. In a ground rent lease the owner of the land leases it to the lessee for a certain period, with a covenant for renewal upon payment of a small renewal fine, upon the condition that a certain sum of money shall be paid, and that if the payment is in default for a stipulated time the lessor may re-enter and avoid the lease. The estate of the lessee is considered as personal property, but in practical effect the relation of the lessee to the property is that of owner of the land and improvements thereon, subject to the payment of the annual rent and all taxes on the property. Banks v. Haskie, 45 Md. 207; Culbreth v. Smith, 69 Md. 450, 16 A. 112, 1 L.R.A. 538; Jones v. Magruder, D.C.[Md.], 42 F.Supp. 193. Prior to 1884 the rents reserved by ground rent leases were not redeemable by the lessee unless expressly so stipulated in the original lease; but in that year and by later statutes the Legislature provided for the conditions upon which the lessee, in subsequently made ground rent leases, should have the right to redeem and thus become the owner of the property in fee simple. Code, 1939, art. 21, §§ 110, 111, 115."

Thus it has been made plain that the lessee acquires the full fee simple title to the property only when he pays the redemption value of the rent and receives a deed from the lessor; and it is only when this occurs that the original owner parts with his whole interest in the land and realizes a taxable gain upon the interest which he has theretofore retained.

This view is not inconsistent with the statement of the Chief Justice one hundred years ago in Bosley v. Bosley's Executrix, supra, when he described the creation of a redeemable ground rent as "a sale and an agreement (by the own-

er) to convey his whole interest in the land". His purpose was to show that there had been such a change in the interest of the testator in the land as to amount to a revocation of the devise. He was speaking from the standpoint of the vendor of the land who had sold a leasehold interest to the purchaser and had agreed to convey the reversionary interest if the purchaser elected to pay for it; but the Chief Justice took pains to show that the purchaser on his part did not assume any obligation to make the payment. This is the crucial fact in the present controversy. While the economic relation between lessor and lessee resembles that of mortgagor and mortgagee, there is the important difference that the purchaser can never be compelled to pay the so-called mortgage debt. Ordinarily, a vendor-mortgagee receives something of value in exchange for the transfer of the land, that is, the obligation of the vendee-mortgagor, which in Maryland is usually in the form of a note, to pay a definite sum at a fixed time in the future. But the vendor in the ground rent system holds no such obligation and can recover the principal sum only by the voluntary redemption of the rent by the vendee or a sale of the rent to a third party. The difference is vital because there is no realization of taxable gain until one or the other of these events occurs.

Affirmed.

PARKER, Chief Judge (dissenting).

These are appeals from the Tax Court involving the question as to whether the value of ground rents payable to the seller of property under an instrument executed in connection with the sale should be considered as a part of the proceeds thereof in computing the income and excess profits taxes of the seller. I think that this question should be answered in the affirmative, as the ground rents clearly constituted a part of the gain from the "sale or other disposition of property" realized by the taxpayer from the sale, within the meaning of 26 U.S.C. § 111(a).

The taxpayer owned the fee simple in the property originally. The ground rents were not created independently of the sale, but for the purpose of facilitating the sale and as an incident thereof. Under the lease creating the ground rents the lessee expressly undertook in behalf of itself and assigns to make annual payments to taxpayer and the taxpayer, in the contract of sale, conveyed the property to the purchaser subject to the payment of the ground rents and specified that they should be redeemable within five years. The lease to the straw corporation creating the ground rents was assigned to the purchaser to whom the property had been sold by taxpayer and who became bound to pay the ground rents to the taxpayer as a condition of retaining the property. Under such circumstances, it cannot reasonably be said that the seller, as the result of the sale to the purchaser, has not received rights under the ground rent contract as well as the cash and the notes secured by mortgage. He has completely parted with the fee simple title which he originally owned, receiving in return therefor, in addition to the cash and notes secured by mortgage, rights under a covenant requiring the payment of ground rents, a covenant which runs with the land, and which, so far as computing gain and profit on the transaction is concerned, cannot be distinguished from a mortgage indebtedness secured by the land.

It is argued that the ground rent was a mere reservation of a part of the fee simple title by taxpayer for which he has not been paid; but it may not be considered in this way since it is elementary that all the steps in connection with the sale must be considered together. Cf. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596; Helvering v. Alabama Asphaltic Limestone Co., 315 U.S. 179, 184, 185, 62 S.Ct. 540, 86 L.Ed. 775. No lease creating ground rents was executed, so far as the transactions here involved are concerned, until a sale was contemplated. Then the lease creating the ground

rents was made to a straw corporation, which undertook in a covenant of the lease to make the annual payment of ground rents to taxpayer. While this leasehold interest was assigned by the straw corporation to the purchaser of the property, the contract conveying the property was made to the purchaser by the taxpayer, subject to the payment of the ground rents. At the end of the various transactions, therefore, taxpayer had parted with his fee simple interest in the property for the cash payment, notes, secured by mortgage and rights under the covenant as to ground rents, which gave a right of forfeiture and reentry for condition broken, but was not a retention of any other interest in the property. From the standpoint of economic reality, the right to ground rents which taxpayer received in connection with the sale cannot be distinguished from that part of the purchase price secured by mortgage.

The question presented should be answered in the light of economic realities and not in the light of theoretical concepts about legal title; but even if the latter be considered it seems clear that the beneficial interest in the property has been conveyed, and that, if there has been any retention of title, this is merely as security for the payment of money. Chief Justice Taney pointed out in Bosley v. Wyatt, 14 How. 390, 14 L.Ed. 468, that as the result of the creation of a ground rent by lease, the owner parted with his interest in the realty and acquired in lieu thereof a right under the convenant to receive the payment of money, saying "The interest which the testator had in the land at the time of the making of his will was converted into money by his contract with Armstrong". And in Jones

v. Magruder, D.C., 42 F.Supp. 193, 196, Judge Chesnut said: "In practical economic effect the relation of the lessee to the property is that of an owner of land and improvements thereon subject to the payment of the annual rent and taxes on the property; and his economic relation to the owner of the ground rent is much like that of a mortgagor paying interest on a debt where the principal never matures so long as the mortgagor pays the interest and taxes".

It is worth noting that where, as here, the ground rent is redeemable, the Treasury Regulations provide that the one who pays the ground rents should treat them as interest payments and deduct them as such for tax purposes. Treasury Regulations 111, sec. 29.23(b)-1. As said by Judge Chesnut in the case cited in applying another statute to Maryland ground rents 42 F.Supp. at page 198, "And if the statute is susceptible of general uniform application, we must apply it without deference to the particularity of the Maryland view of the nature of the estate."

It is said that taxpayer will account for the profits in the interest represented by the ground rents when the ground rents are redeemed or the right is sold by the taxpayer. The answer is that taxpayer should be taxed on all profits made on the sale of the property in the year in which the sale is made; and the rights under the ground rent covenant are as much a part of the proceeds of the sale as the notes secured by mortgage for the balance of the purchase money. No one would contend that the latter should not be considered as a part of the purchase price received by the taxpayer, although he receives nothing on them at the time of sale.