Albert Gemma and Marie (Maria) Gemma v. Commissioner.
Gemma v. Commissioner
Docket No. 91379.
United States Tax Court
T.C. Memo 1967-208; 1967 Tax Ct. Memo LEXIS 52; 26 T.C.M. (CCH) 1024; T.C.M. (RIA) 67208; October 25, 1967
Eustace T. Pliakas, 15 Westminster St., Providence, R.I., for the petitioners. Albert R. Doyle, for the respondent. BRUCE Supplemental Memorandum Opinion BRUCE, Judge: This case is before the Court on respondent's Motion for Leave to File a Second Amendment to Answer, accompanied by the proposed Second Amendment to Answer, and also on the respective computations for entry of decision filed by respondent and petitioner. The respondent determined deficiencies in tax and additions to tax for fraud and for failure to file declarations of estimated tax, for the taxable years 1954 to 1957, *53 inclusive. The notice of deficiency was addressed to both petitioners, Albert Gemma and Marie (Maria) Gemma, and both petitioners signed and acknowledged the petition filed herein. In the statutory notice of deficiency respondent computed the deficiencies on the basis of joint income tax return rates. Neither of the petitioners had filed income tax returns or declarations of estimated tax, jointly or separately, for the taxable years involved. In its opinion filed September 29, 1966 46 T.C. 821), the Court sustained respondent's determinations of Albert's taxable income with certain adjustments, and also additions to tax with respect to Albert. The Court found, however, that Marie (Maria) Gemma had no separate income in any of the years before the Court and therefore was under no obligation to file an income tax return or to join in any return filed by Albert. It also found there was no evidence she was a party to the fraudulent conduct of Albert. Consequently, the Court held that Marie was not liable for any of the deficiencies or additions to tax determined by respondent for the years involved. Subsequent to the trial and 76 days after the Court's opinion was filed, *54 respondent filed a Motion For Leave to File a Second Amendment to Answer, "to conform the pleadings to the proof" and the Court's opinion by recomputing Albert's tax liability on the basis of the rates applicable to a married man filing a separate return rather than the rates applicable to a joint return of a husband and wife which were used in the statutory notice of deficiency. The result of such a recomputation, if permitted, would be to increase the deficiency and additions to tax asserted against Albert for each of the years involved. Petitioner has objected to the granting of the motion on the ground that it was not filed within the time provided by Rule 17(d) of the Tax Court's Rules of Practice, which provides as follows: (d) To conform pleadings to proof. - The Court may at any time during the course of the trial grant a motion of either party to amend its pleadings to conform to the proof in particulars stated at the time by the moving party. The amendment or amended pleadings thus permitted, shall be filed with the Court at the trial or shall be filed in the office of the Clerk of the Court in Washington, D.C., within such time as the Court may fix [1] [Emphasis supplied. *55 ] Respondent contends that the amendment should be allowed under the provisions of section 6214(a) of the Internal Revenue Code of 1954 (formerly section 272(e) of the 1939 Code) which provides: SEC. 6214. DETERMINATIONS BY TAX COURT. (a) Jurisdiction as to Increase of Deficiency, Additional Amounts, or Additions to the Tax. - The Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the *56 amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary or his delegate at or before the hearing or a rehearing. Petitioner does not question the jurisdiction of the Court to determine the correct amount of the deficiency, even if in excess of the amount shown in the notice of deficiency. He argues, however, that the question here presented is not one of jurisdiction but of practice and procedure which is controlled by the Tax Court rules. If the question was solely one of when a pleading may be amended to raise an issue not previously presented to the Court, we would have to agree with petitioner that the motion to amend should be denied. Section 7453 of the Internal Revenue Code of 1954 (formerly section 1111 of the 1939 Code) provides: The proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Tax Court may prescribe * * *. Prior to 1955, the language *57 of the Tax Court Rule 17, "at any time before the conclusion of the hearing," was substantially the same as the language of section 6214(a), "at or before the hearing or rehearing," and there was some confusion as to whether this meant before the conclusion of the trial on the merits or before the entry of the final decision under Rule 50. Compare Helvering v. Edison Securities Corporation, 78 F. 2d 85 (C.A. 4, 1935), modifying 29 B.T.A. 483; Commissioner v. Ray, 88 F. 2d 891 (C.A. 7, 1937), certiorari denied 301 U.S. 711; Henningsen v. Commissioner, 243 F. 2d 954 (C.A. 4, 1957), affirming 26 T.C. 528; and Commissioner v. Finley, 265 F. 2d 885 (C.A. 10, 1959), certiorari denied 361 U.S. 834, with Commissioner v. Erie Forge Co., 167 F. 2d 71 (C.A. 3, 1948), affirming a Memorandum Opinion of this Court entered December 29, 1945 (4 TCM 1127); and Eugene Richardson, a Memorandum Opinion of this Court, 1958-59, filed April 10, 1958, cited by petitioner. See also W. H. Armston Co. v. Commissioner, 188 F. 2d 531 (C.A. 5, 1951), affirming 12 T.C. 539 *58 and Catherine G. Armston, a Memorandum Opinion of this Court, filed October 31, 1949. For the reasons hereinafter mentioned, we deem it unnecessary to discuss these decisions at length. In most instances where the amendment was disallowed it presented new issues not previously raised or considered by the Court. In those instances where the amendment was allowed there had been an oral motion during the course of the trial prior to submission, or evidence relating to the issue had been presented and considered by the Court. Neither the proposed amendment herein nor the computation which accompanies it raises any new issue or proposes to tax petitioner on any new income. Nor do they require the submission of any additional evidence. They merely seek to compute the tax liability of the petitioner Albert Gemma at the rates provided by the statutes which are applicable to an individual filing separate returns rather than the rates applicable to a husband and wife filing joint returns which were used in the notice of deficiency. Both are in accordance with the Court's opinion filed September 29, 1966. Rule 50 of the Tax Court Rules of Practice provides: RULE 50. COMPUTATIONS BY PARTIES *59 FOR ENTRY OF DECISION (a) Agreed computations. - Where the Court has filed its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency or overpayment to be entered as the decisions. If the parties are in agreement as to the amount of the deficiency or overpayment to be entered as the decision pursuant to the report of the Court, they or either of them shall file promptly with the Court an original and 2 copies of a computation showing the amount of the deficiency or overpayment and that there is no disagreement that the figures shown are in accordance with the report of the Court. The Court will then enter its decision. (b) Procedure in absence of agreement. - If, however, the parties are not in agreement as to the amount of the deficiency or overpayment to be entered as the decision, in accordance with the report of the Court, either of them may file with the Court a computation of the deficiency or overpayment believed by him to be in accordance with the report of the Court. * * * If in accordance *60 with this Rule computations are submitted by the parties which differ as to the amount to be entered as the decision of the Court, the parties will be afforded an opportunity to be heard in argument thereon on the date fixed, and the Court will determine the correct deficiency or overpayment and enter its decision. (c) Limits on argument under this Rule. - Any argument under this Rule will be confined strictly to the consideration of the correct computation of the deficiency or overpayment resulting from the report already made, and no argument will be heard upon or consideration given to the issues or matters already disposed of by such report or of any new issues. This Rule is not to be regarded as affording an opportunity for retrial or reconsideration. It was incumbent on respondent in performing his duty to present a computation under Rule 50, to calculate the tax in accordance with the Court's opinion, that is, on the basis of the taxable income and the respective liabilities of the petitioners as determined by the Court, and at the rates provided by the statutes. Cf. Welsh Homes, Incorporated v. Commissioner, 279 F. 2d 391 (C.A. 4, 1960), affirming 32 T.C. 239. *61 The computation filed by respondent meets these requirements. The proposed Amendment to Answer is not such a pleading as is contemplated by Rule 17(d), but is in fact a claim for increased deficiencies and additions to tax as required by section 6214(a). Both the computation and the motion were filed prior to the hearing under Rule 50. See Commissioner v. Ray, supra; W. H. Armston Co. v. Commissioner, supra; Commissioner v. Erie Forge Co., supra. We sustain respondent's Motion for Leave to File the Second Amendment to Answer, and decision will be entered in accordance with respondent's computation. Footnotes
1. This has been the language of Rule 17(d) since January 15, 1957. Prior thereto, as of August 15, 1955, the rule read: (d) To conform pleadings to proof. - The Court may at any time during the course of the trial on the merits grant a motion of either party to amend its pleadings to conform to the proof in particulars stated at the time by the moving party. * * * [Emphasis supplied.] Prior to August 15, 1955, Rule 17 (Rule 18 from April 1, 1926, to November 1, 1933) provided in pertinent part: Upon motion made, the Court may, in its discretion, at any time before the conclusion of the hearing, permit a party to a proceeding to amend the pleadings in stated particulars to conform to the proof. [Emphasis supplied.]↩