## GLOBE HOME IMPROVEMENT CO., INC. *v.* BROTHERS

[No. 81, October Term, 1953.]

*Decided February 11, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Warren J. Weinberger* for appellant.

*Solomon Hirschhorn* for appellee.

HAMMOND, J., delivered the opinion of the Court.

A bill of complaint was brought to compel the successful bidder at an auction to perform his contract to buy a new bungalow. The defense was that the ground rent said to be on the property did not exist but was to be created, and the term of the proposed lease was not stated. The chancellor dismissed the bill and ordered the return to the buyer, Paul Brothers, of the deposit which he had made at the sale. The seller, Globe Home Improvement Co., Inc., has appealed.

The published advertisement of sale described the property as a very desirable new bungalow to be sold on the premises, 3903 Duvall Ave., at the risk and expense of a former purchaser, and then said this: "G. R. $120.00. . . Taxes, interest, G. R. and all other adjustments to be adjusted as to date of sale." The advertisement was signed by the attorney for the seller and gave the name of the auctioneer.

Brothers had been advised of the sale by the attorney who represented Globe and who had also represented him at times. At the sale, he purchased the property for $15,500.00 and was permitted to make a deposit of $1,000.00, instead of the $1,500.00 required by the terms of the advertisement. The auctioneer gave Brothers a receipt, on which was noted that $1,000.00 has been received: ". . . as deposit on purchase of property 3903 Duvall Ave., for the price of $15,500. Subject to an annual ground rent of $120, at public auction on May 19, 1952. By order of . . . . . . . . . . . (Auctioneer) ALEX COOPER". A copy of the advertisement was attached to this receipt and the two writings together constitute the contract relied on by Globe.

About a week after the auction, Brothers was asked by Globe's attorney to sign the papers necessary to create the $120.00 ground rent. He says that this was the first time he knew that the ground rent did not exist and was to be created. He refused to go through with his purchase because the ground rent was to be newly created.

Although it is not stressed in the briefs, the contention was made at the argument that Globe cannot prevail under the decision in *London v. Riebel,* 189 Md. 376. There it was held that an advertisement of an auction sale and an auctioneer's receipt together constituted the memorandum of sale and, since neither disclosed the name of the seller, the Statute of Frauds was not gratified and parol evidence was not admissible to show the owner. Globe's reply is that the facts here are not those of *London v. Riebel,* but are equivalent to those in *Scholtz v. Philbin,* 157 Md. 196, where it was held sufficient under the Statute of Frauds that the name of the agent of the owner appeared. We find it unnecessary to pass on this question since we think the decision here turns on another point.

Globe recognizes the rule that a contract of sale of real estate must be clear, definite, complete and certain if a court of equity is to specifically enforce it. It says that the writings in the instant case meet these standards, even though the term of the proposed lease is not specified, because Brothers knew that the ground rent was to be created, and as a real estate man and insurance broker, must be presumed to know that ground rents commonly are for a term of ninety-nine years. Globe's attorney, who had interested the appellee in the purchase of the property, testified that Brothers had been told that the ground rent was to be created at the time of settlement. Brothers denied flatly that he had ever been so told, and reiterated that his first knowledge that the rent was not in existence was when he was asked to sign the papers necessary to create it. The chancellor gave no opinion so that there is nothing to indicate how, if at all, he resolved this conflict in the testimony. It is not necessary to decide whether, had the facts justified it, oral testimony properly could have been admitted: ". . . not to vary the contract nor to alter it in any way, nor to add anything to it." but to explain something otherwise doubtful which could be made plain by proof of usage or custom, as suggested

in *Applestein v. Royal Realty Corp.*, 181 Md. 171; or, whether, as seems far more likely, oral testimony would have been inadmissible to furnish the missing detail of the proposed lease, under the holdings of *Smith v. Biddle*, 188 Md. 315, 320; *Trotter v. Lewis*, 185 Md. 528, 535; and *Vary et ux. v. Parkwood Homes, Inc.*, 199 Md. 411. This is because the evidence which was offered does not cure the defect in the contract, that is, the uncertainty of the term of the lease to be created, which we find fatal to its specific enforcement by a court of equity. If we assume that Globe proved that Brothers knew that the ground rent was to be created, this would not be enough. There was no testimony that he was told or that he understood as a fact the term of the ground rent. No evidence as to usage or custom was proffered. In *Myers v. Forbes*, 24 Md. 598, 611, there was a written agreement to lease two lots, duly described, at a price of $20.00 for each lot annually, payable semi-annually on the first days of January and July, with the privilege of buying said ground rents within three years at the rate of 6% per annum. It was sought to specifically enforce the contract. The Court said: "In this case the contract is altogether silent as to the term for which the intended lease was to be made. The term or duration of a lease is an essential part of it, and in the absence of any stipulation in that respect a Court of Equity cannot decree a specific performance of a contract to lease. In *Howard v. Carpenter*, 11 Md. 278, it was held that without a stipulation fixing the rent reserved, a contract to lease could not be specifically enforced in equity. But the length of the term is just as necessary a part of a lease as the rate of rent reserved. In our opinion, this defect in the contract has not been removed by anything disclosed in the proof." We think the principle and language of this case are controlling here. This Court has followed the holding in *Myers v. Forbes* through the years. See *Thomson v. Gortner*, 73 Md. 474; *Gorter v. Gale*, 86 Md. 687; and *Ward v. Newbold*, 115 Md. 689. In the case last mentioned the Court said:

". . . we can not adopt the argument of the appellee that the term 'ground rent' in this State, *ex vi termini,* means a rent reserved under a lease for ninety-nine years, renewable forever." In *Moran v. Hammersla,* 188 Md. 378, the lessees had an option to purchase the leased property at the price: ". . . at which said property could then be sold to anyone else than said lessees, a ground rent of ninety dollars per year, capitalized at what it shall be then fairly worth, to be accepted by the sellers as part of said purchase price." Judge Delaplaine, for the Court, pointed out that it is a fundamental rule that a court of equity will not decree specific performance of any contract unless its terms are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions under which performance is due. He then said: "In the instant case the option to purchase is entirely silent as to the term for which the intended ground rent is to be made." After citing the cases to which we last referred, the Judge added: "In view of these decisions, we must conclude that the option agreement in this case is unenforceable on account of indefiniteness."

The appellant seeks to avoid the effect of the doctrine of *Moran v. Hammersla* by reliance on the decision in *Kalis v. Shor,* 193 Md. 643. There the purchaser at an auction sale attempted to defeat a suit for specific performance on the basis that the description of the property stated that it was subject to a "ground rent of $68.00", without stating whether the rent was redeemable or irredeemable. The Court held that the purchaser should have expected the worst, namely, that the rent was irredeemable, and therefore had no just cause for complaint. *Moran v. Hammersla, supra,* and *Barranco v. Kostens,* 189 Md. 94, were distinguished on the ground that in those cases the rents: ". . . held too indefinite to be enforced, were to be created, and were not already on the property as in the instant case." A ground rent already in existence is a matter of record and if referred to in the contract its description on record makes capable

of certainty that which otherwise might have been uncertain, if only the contract which mentions it could be called on. That is not true where the rent is not in existence and is to be created, and the agreement is silent as to the term.

Far from being over-ruled by *Kalis v. Shor,* as the appellant suggests, *Moran v. Hammersla* only recently was relied on by this Court in *Beck v. Bernstein,* 198 Md. 244. The *Hammersla* case, and the cases which it followed, make it plain that the Court's action in dismissing the bill and requiring the return of the deposit was correct.

*Decree affirmed, with costs.*